PROB 12C
(6/16)

Report Date: October 23, 2018

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2018

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jose Luis Cardenas        Case Number: 0980 2:12CR02074-SAB-1

Address of Offender: [redacted] Yakima, Washington 98902

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, U.S. District Judge

Date of Original Sentence: June 17, 2013

Original Offense: Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1), (b)(1)(B)

Original Sentence: Prison - 42 months
TSR - 48 months        Type of Supervision: Supervised Release

Asst. U.S. Attorney: Thomas J. Hanlon        Date Supervision Commenced: May 15, 2015

Defense Attorney: Jeffrey S. Dahlberg        Date Supervision Expires: May 14, 2019

---

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #19**: You must participate and successfully complete an approved domestic violence/anger management program upon further order of the Court. You must contribute to the cost of treatment according to you ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: Mr. Cardenas is alleged to have been suspended from his domestic violence/anger management treatment program on or before September 12, 2018.

On May 30, 2018, Mr. Cardenas appeared before the Court on a supervised release revocation hearing. At this hearing, the Court ordered Mr. Cardenas' supervised release conditions be modified, requiring him to participate in and successfully complete a domestic violence/anger management program.

On September 11, 2018, the probation office received a progress report indicating Mr. Cardenas was not in compliance with his treatment program by failing to attend group counseling for the month of August 2018. On September 12, 2018, this officer received a call from Mr. Cardenas and his Yakima County District Court Probation Officer and was informed that Mr. Cardenas had been suspended from domestic violence/anger management

classes due to his failure to attend treatment and for his illegal drug use. It was also reported that Mr. Cardenas may request to return to his domestic violence/anger management classes once his chemical dependancy issues are addressed.

2 **Mandatory Condition #4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Supporting Evidence**: Mr. Cardenas is alleged to have tested positive for cocaine on or about September 9, 2018.

On July 2, 2015, supervised release conditions were reviewed and signed by Mr. Cardenas acknowledging his understanding of mandatory condition number 4, which prohibits him from using a controlled substance.

On September 11, 2018, Mr. Cardenas was instructed to report to the probation office the following day to submit to a drug screen. On September 12, 2018, Mr. Cardenas reported to the probation office as instructed and submitted to a drug screen which returned diluted. The specimen was discarded and Mr. Cardenas was directed to provide a second sample. Approximately 1 hour later, Mr. Cardenas again provided a diluted specimen. Mr. Cardenas was instructed to report back to the office the following day by 8 a.m. to provide another urine sample. On this same date, this officer received a call from Mr. Cardenas and his Yakima County District Court Probation Officer and was informed Mr. Cardenas submitted to a drug screen that returned presumptive positive for cocaine. Mr. Cardenas admitted to having used the substance and requested he be afforded the opportunity to participate in inpatient treatment.

On September 13, 2018, Mr. Cardenas reported to the probation office and submitted to a drug screen. The result returned presumptive positive for the presence of cocaine. Mr. Cardenas admitted having used the substance. Mr. Cardenas signed the admission/denial form admitting to having used cocaine on or about September 9, 2018.

3 **Special Condition #15**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the Court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Cardenas is alleged to have failed to attend his drug and alcohol group session on October 16, 2018.

On July 2, 2015, supervised release conditions were reviewed and signed by Mr. Cardenas acknowledging his understanding of special condition number 15, which requires him to participate in a drug and alcohol treatment program.

On October 4, 2018, Mr. Cardenas attended his intake appointment at Merit Resource Services (Merit) and was admitted into an intensive outpatient treatment program. According

to the admission summary assessment, Mr. Cardenas reviewed and agreed with the initial diagnostic criteria. On October 17, 2018, Mr. Cardenas' counselor reported that Mr. Cardenas was a no call no show for group on October 16, 2018.

4 **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: Mr. Cardenas is alleged to have failed to report a change in residence as of October 22, 2018.

On July 2, 2015, supervised release conditions were reviewed and signed by Mr. Cardenas acknowledging his understanding of standard condition number 6, which requires him to notify his probation officer at least 10 days prior to a change in residence.

On October 17, 2018, this officer went to Mr. Cardenas' place of employment. This officer was advised by a co-worker Mr. Cardenas had taken the day off. This officer then placed a call to his cellular telephone which went directly to his voicemail and a message was left instructing him to contact this officer. This officer then called Mr. Cardenas' wife in an effort to locate him. His wife advised Mr. Cardenas has not been living with her for the past 2 weeks and she did not know where he had been staying. Later this same date, Mr. Cardenas sent a text message to this officer indicating his wife ran him from the home. He added that he would be coming by to speak with this officer. This officer replied of being aware he moved out 2 weeks prior and had failed to report a change of address. He replied back that he would report it. As of October 22, 2018, Mr. Cardenas has failed to report a change of address.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 23, 2018

s/Jose Zepeda

Jose Zepeda
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

10/23/2018

Date